ROHDENBURG REALTY CORPORATION, Plaintiff, *v.* DAMROCK REALTY CORPORATION, Defendant.

Supreme Court, Special Term, New York County, February 25, 1938.

*D. M. Berger*, for the plaintiff.

*E. J. Blumberg*, for the defendant.

CHURCH, J.   This action was brought for a judgment decreeing the continued existence in their then present state and condition of the fire escapes which then extended from the premises of the plaintiff across the premises of the defendant, for an injunction and for the assessment of damages.

Such a right or easement as plaintiff claims in this action must arise by prescription, or by express or implied grant.   It cannot be granted by parol.   (*Heyman* v. *Biggs*, 223 N. Y. 118.)   The plaintiff contends that in the present instance the right, whether or not it be described as a right of way, has arisen by prescription. There is no evidence that any such right was ever expressly granted or reserved in any grant to the plaintiff.

In order to establish an easement by prescription certain things are essential on severance of the unity of ownership in an estate. There must be a separation of the title; a use before the separation takes place which shall have been so long continued and so obvious

or manifest as to show that it was meant to be permanent; and it must appear that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. (*Heyman* v. *Biggs, supra.*) The plaintiff here has failed to show when, if ever, both buildings were held in one ownership. The record is barren of any proof as to who erected the original fire escape. There is no way of ascertaining whether the arrangement looking to a common use of the fire escape balconies was oral or in writing. There is no agreement in evidence, either verbal or written, to indicate how long such an arrangement was to continue. Conceding the length of time which the fire escapes remained a common appurtenance of the adjoining buildings, we have no proof that they were ever actually used in time of fire or threatened disaster, or, in fact, that any use was ever made of them. The plaintiff has failed to maintain the burden of proving that the defendant's property is burdened with an easement by prescription.

Findings and conclusions have been made.

Judgment is granted for the defendant against the plaintiff dismissing the complaint on the merits. Settle decision and judgment.